Rory C. Quintana, SBN 258747
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
(415) 504-3121 (Tel)
(415) 233-8770 (Fax)
rory@qhplaw.com

*Attorney for Plaintiffs*
RYAN MARTIN and JOE SVIEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE SVIEN** an individual, and **RYAN MARTIN**, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>**SPECIALTY EQUIPMENT INSURANCE SERVICES, INC.,** a Delaware corporation;<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; FAILURE TO PAY WAGES; AND FAILURE TO PAY ALL WAGES UPON RESIGNATION (CAL. LABOR CODE §§ 202, 203)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs RYAN MARTIN and JOE SVIEN and (herein "Plaintiff") brings this action against Defendant SPECIALITY EQUIPMENT INSURANCE SERVICES, INC. (herein "Defendant" or "SEIS"). Plaintiff alleges the following:

## **NATURE OF THIS ACTION**

1.      This is an action for relief from Defendant's breach of contract and failure to pay wages pursuant to the California Labor Code.

2.      Plaintiffs are individuals and residents of California.

3.      Plaintiff seeks compensatory damages, penalties, interest and reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendant's violations of their rights.

///

COMPLAINT FOR DAMAGES

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

4. The amount in controversy in this action exceeds $75,000 and the parties involved are from different states, therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District and Plaintiff Svien resides in this district.

6. Pursuant to Northern District Local Rule 3-2 (c) & (d) this action should be assigned to either San Francisco or Oakland, California, as the actions giving rise to Plaintiff's claims took place in San Francisco County.

## PARTIES

7. Plaintiff Martin is a U.S. citizen and a resident of Riverbank, California in Stanislaus County.

8. Plaintiff Svien is a U.S. citizen and a resident of Napa, California, in this judicial district.

9. Plaintiff Martin began working for Defendant in or around October 2013.

10. Plaintiff Svien began working for Defendant in or around September 2012.

11. At all material times and for all purposes to the claims made herein, Plaintiffs were "employees" within the meaning of the California Labor Code and the applicable IWC Wage Order(s).

12. Plaintiffs are informed and believe and based thereon alleges that Defendant is a Delaware corporation, with its principle headquarters at 1 South Wacker Drive, Suite 2180, Chicago, Illinois, 60606. On information and belief, Plaintiffs further allege that Defendant is registered to do business in California under corporation number, C2751160.

13. At all material times and for all purposes to the claims made herein, Defendant was an employer as defined by the California Labor Code and the relevant Industrial Welfare Commission Wage Orders.

COMPLAINT FOR DAMAGES

14. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privileges of conducting activities in the State of California and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justices and is consistent with the Constitutional requirements of due process.

15. Defendant has and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over Defendant.

16. Defendant advertises and contracts with businesses in California.

17. The causes of action listed in this Complaint arose from or relate to the contacts of Defendant with California residents, thereby conferring specific jurisdiction over Defendant.

18. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their own right and on the basis of *respondeat superior*.

### FACTS COMMON TO ALL CAUSES OF ACTION

19. Plaintiff Martin's last position at SEIS was Vice President of Sales.

20. Plaintiff Svien's last position at SEIS was Senior Vice President, Business Development.

21. At all relevant times, Plaintiffs' compensation was governed, in part, by compensation plans adjusted on an annual basis.

22. On or about June 28, 2019, Plaintiffs received a formal approved Bonus Plan for calendar year 2019 via email, which they were asked to review, sign and return.

23. Attached hereto as Exhibit A is the Bonus Plan signed by Plaintiff Martin.

24. Attached hereto as Exhibit B is the Bonus Plan signed by Plaintiff Svien.

3

COMPLAINT FOR DAMAGES

25. The relevant agreements expressly stated that, "[t]he bonus plan is designed to provide performance-based compensation for accomplishing specific Goals and Objective provided by Executive Management. . . [t]he Plan is calculated from Gross Income and Modified Case EBITDA derived from eligible sales of insurance products and services offered by SEIS and associated expenses."

26. Following acceptance of the Bonus Plans attached hereto, Plaintiffs performed their work pursuant to the incentives provided in the Bonus Plans.

27. In or around July, August and September 2019, Plaintiffs requested financial reporting updates relevant to the Bonus Plans for tracking purposes.

28. Having received no response to their initial requests, on or about November 4, 2019, Plaintiff Martin emailed their supervisor David Kocourek, and stated, "I wanted to follow-up with you because we have discussed a few times, most recently at our meeting prior to the Sales Meeting in September, that you had said we would be provided reporting relevant to our Management Bonus Plans for tracking purposes. I have not seen anything yet and obviously it is important since we are closing in on the end of the year."

29. On or about November 4, 2019, Mr. Kocourek replied to Plaintiff Martin, copying Plaintiff Svien, and stated, "Amynta Finance is finishing up audit with corrections being this week to finalize Q3. Once that is completed, we will be providing management reports."

30. On or about December 5, 2019, having received no follow-up from Mr. Kocourek, Mr. Martin again emailed Mr. Kocourek and requested the financial numbers relevant to the Bonus Plans, stating, "I understand what you had told us about the audit and certain expense allocations, but wouldn't that just affect EBITDA and not Gross Income as it pertains to my performance plan and the categories below. If so, I understand if EBITDA has to be provided when finalized. I would at least like to see Gross Income since we are now in December and do not want to fly blind at trying to achieve goals."

31. On or about December 5, 2019, Mr. Kocourek responded to Plaintiff Martin, again copying Plaintiff Svien, stating that the audit had not been completed and that, "we don't

COMPLAINT FOR DAMAGES

want to provide reports that are subject to additional adjustments. . . Regarding goal, we need a BIG December, so push every sale for PPP, PDI, REW through 12/31." (Emphasis in original.)

32. On or about December 17, 2019, Mr. Kocourek sent Plaintiffs the November and year-to-date results and financials.

33. From July 3, 2019, when Plaintiffs signed their bonus plans, through February 2020, Defendant never discussed any change to how Plaintiff's bonuses would be calculated.

34. On or about February 10, 2020, Defendant informed Plaintiffs that the targets they had been provided for 2019 would be interpreted in a manner different than that expressed on their signed Bonus Plans.

35. In response to this change on or about February 10, 2020, Plaintiff Martin emailed Mr. Kocourek and stated, "I reviewed and I am going off a plan that was provided to me and there was never indication that targets would be interpreted differently prior to today and after the completion of 2019. It obviously has a material impact on my earning potential and . . . I don't feel a change in plan is right considering I repeatedly asked for clarification of the numbers throughout 2019. They were finally provided on 12/17/19 by you and even then, there was no indication that bonus plan targets or anything else were subject to change impacting myself or others. Furthermore, at our management budget meeting in January, you displayed numbers and again made no mention that anything regarding our targets were affected."

36. On or about February 10, 2020, Mr. Kocourek responded to Plaintiff Martin, again copying Plaintiff Svien, stating that he would review in detail and provide transparency.

37. On or about February 11, 2020, Defendant requested that Plaintiffs submit their 2019 bonus calculations for final review.

38. On or about February 18, 2020, Defendant provided confirmation to Plaintiff Svien of the bonus calculation of $196,290, being submitted on his behalf.

39. On or about February 18, 2020, Defendant provided confirmation to Plaintiff Martin of the bonus calculation of $123,715.36, being submitted on his behalf.

40. On or about March 13, 2020, Defendant paid Plaintiff Martin a bonus of $60,000.

41. On or about March 13, 2020, Defendant paid Plaintiff Svien a bonus of $100,000.

5

42. On or about March 17, 2020, Plaintiffs participated in a conference call with Mr. Kocourek who stated for that there was no calculation of the bonuses but instead the amounts were entirely discretionary.

43. On or about June 16, 2020, Plaintiff Martin resigned his position with SEIS.

44. On or about July 1, 2020, Plaintiff Svien resigned his position with SEIS.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

45. Plaintiffs re-allege and incorporate by reference all of the above paragraphs as if they were set forth here in full.

46. Plaintiffs and Defendant entered into a written agreement for bonus payments on or about June 28, 2019.

47. Pursuant to the Bonus Plans, Defendant agreed to pay Plaintiffs based on calculations based on, "Gross Income and Modified Cash EBITDA derived from eligible sales of insurance products and services offered by SEIS and associated expenses."

48. Defendant failed to pay Plaintiffs pursuant to the Bonus Plans.

49. Plaintiffs performed all of their obligations pursuant to their contract with Defendants. Defendant breached the Bonus Plans by failing to pay the bonuses calculated pursuant to the Bonus Plans and unilaterally changing the way in which the bonus amounts were calculated.

50. As a direct result of Defendant's breach, Plaintiffs have been damaged in an amount which will be shown at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Covenant of Good Faith and Fair Dealing

51. Plaintiffs re-allege and incorporate by reference all of the above paragraphs as if they were set forth here in full.

52. Defendant breached the implied covenant of good faith and fair dealing by breaching the Bonus Plans discussed above, with bad faith, unilaterally changing the terms of the agreement, and making untrue statements regarding the status of the promise, all with the motive

COMPLAINT FOR DAMAGES

of intentionally frustrating and preventing Plaintiffs from receiving the full benefit and enjoyment of their contractual rights.

53. Defendant committed bad faith acts including, but not limited to: (a) unilaterally changing the terms of the agreement; (b) leading Plaintiffs to believe that their bonus would be paid pursuant to the incentive based plan they agreed to, thereby compelling Plaintiffs to work at a level apropos to those agreements; and (c) informing Plaintiffs that bonuses based on the plans were being submitted, then subsequently unilaterally changing the terms of the bonus plans thereafter.

54. As a result of Defendant's bad faith acts, Plaintiffs have suffered damages in amount to be proven at trial.

## THIRD CAUSE OF ACTION
**Failure to Pay all Wages**
**(Cal. Labor Code §§ 200, 204)**

55. Plaintiffs re-allege and incorporate by reference all of the above paragraphs as if they were set forth here in full.

56. Pursuant to California Labor Code section 200, wages include all amounts earned for labor performed.

57. Bonuses are considered wages under California law.

58. Defendant agreed to pay Plaintiffs bonus wages pursuant to a written bonus plan.

59. Defendant failed to pay Plaintiffs pursuant to the agreed upon Bonus Plans.

60. As a legal result of the aforementioned violations, Plaintiffs have suffered harm and are entitled to recover unpaid wages, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
**Failure to Pay all Wages Upon Resignation**
**(Cal. Labor Code §§ 202, 203)**

61. Plaintiffs re-allege and incorporate by reference all of the above paragraphs as if they were set forth here in full.

COMPLAINT FOR DAMAGES

62. Labor Code section 2020 requires employers to pay all wages earned and unpaid within 72 hours of the employee's resignation.

63. Defendant failed to pay Plaintiffs all unpaid wages, including bonus wages, upon their resignations as described above.

64. Defendant willfully failed to pay Plaintiffs their wages within the time prescribed by law and therefore Plaintiffs are entitled to waiting time penalties pursuant to Labor Code section 203, equal to a day's wage for each day they were required to wait for their wages, up to thirty days.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1. Order Defendants to pay Plaintiffs for the wages, salary, employment benefits, and other compensation denied or lost to Plaintiffs by reason of Defendant's violations of the law, in an amount to be proven at trial;

2. Order Defendants to pay Plaintiffs penalties pursuant to the California Labor Code;

3. Order Defendants to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

4. Order Defendants to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

5. Grant such other and further relief as this court may deem proper and just.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: September 16, 2020

Respectfully submitted,

Quintana Hanafi, LLP

By:_____

Rory C. Quintana
*Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES